```
                                                    FILED
                                              U. S. DISTRICT COURT
                                            EASTERN DISTRICT ARKANSAS
      IN THE UNITED STATES DISTRICT COURT
         EASTERN DISTRICT OF ARKANSAS            AUG 3 0 2018
              PINE BLUFF DIVISION
                                              JAMES W. McCORMACK, CLERK
                                              By:_____
                                                              DEP CLERK
```

**TRENDIA BAILEY and JOHN'NIQUA**                                    **PLAINTIFFS**
**WOFFORD-LIBBETT, Each Individually and**
**on Behalf of All Others Similarly Situated**

vs.                                    No. 5:18-cv-222

**JEFFERSON COUNTY, ARKANSAS**                                      **DEFENDANT**

### ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COME NOW Plaintiffs Trendia Bailey and John'Niqua Wofford-Libbett ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Stacy Gibson and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Class and Collective Action against Defendant Jefferson County, Arkansas ("Defendant"), they do hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is a class and collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

This case assigned to District Judge Marshall
and to Magistrate Judge Deere

2.    Plaintiffs, each individually and on behalf of all others similarly situated, seek declaratory judgment; monetary damages; liquidated damages; prejudgment interest; costs; and a reasonable attorney's fee, as a result of Defendant's policy and

practice of failing to pay Plaintiffs and other similarly situated individuals proper overtime compensation under the FLSA and under the AMWA within the applicable statutory limitations period.

3.   Upon information and belief, for at least three (3) years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.   JURISDICTION AND VENUE

4.   The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.   Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

6.   A substantial part of the acts complained of herein were committed in and had their principal effect against Plaintiffs within the Pine Bluff Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

7.   Plaintiff Trendia Bailey is an individual and resident of Jefferson County.

8.   Plaintiff John'Niqua Wofford-Libbett is an individual and resident of Washington County, Mississippi.

9. Plaintiffs were employed by Defendant as Deputy Sheriffs within the three (3) years prior to the filing of this Complaint.

10. At all times material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

11. As employees of Defendant, Plaintiffs were employees of a public agency employed in law enforcement activities, and therefore entitled to the protections of the FLSA pursuant to 29 U.S.C. § 201, *et seq*.

12. Defendant is an "employer" within the meanings set forth in the FLSA and the AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer.

13. Defendant is an employer subject to the FLSA as a public agency pursuant to 29 U.S.C. § 203.

14. Defendant participated in the management of Plaintiffs' work, including setting and enforcing the amount of hours worked and the amount and manner of compensation paid.

15. Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue in this case.

16. Defendant operates the Jefferson County Detention Center where Plaintiffs were employed within the past three (3) years as Deputy Sheriffs.

17. Defendant can be served through the Jefferson County Judge, who is Booker Clemons, 101 West Barraque Street, Pine Bluff, Arkansas 71601.

18. At all relevant times, Defendant employed five or more employees in law enforcement activities pursuant to 29 U.S.C. § 213(b)(20).

## IV.   FACTUAL ALLEGATIONS

19. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

20. During part of the three (3) years prior to the filing of this lawsuit, Plaintiffs were hourly-paid employees of Jefferson County Sheriff's Office, a department of Jefferson County.

21. At all times relevant to the allegations in this Complaint, Plaintiffs have been employed by Defendant as Deputy Sheriffs.

22. Upon information and belief, Defendant established a "work period" of 171 hours in a 28-day period for Deputy Sheriffs pursuant to the FLSA.

23. Plaintiffs and other Deputy Sheriffs were routinely required to work in excess of 171 hours in a 28-day period.

24. Defendant knew that Plaintiffs and other Deputy Sheriffs worked in excess of 171 hours in a 28-day period, and Defendant required them to do so.

25. Plaintiffs and other Deputy Sheriffs were not paid for all hours worked.

26. Defendant did not pay Plaintiffs and other Deputy Sheriffs one and one-half (1.5) times their regular rate for their hours worked over 171 in a 28-day period.

27. Defendants did not provide Plaintiffs and other Deputy Sheriffs with compensatory time off at a rate of one and one-half (1.5) hours for their hours worked over 171 in a 28-day period.

28. The actual day-to-day job duties and responsibilities of Plaintiffs and other Deputy Sheriffs were not exempt under the FLSA with respect to payment for time worked in excess of 171 hours in a 28-day period.

29. During the court course of their employment, Plaintiffs and other Deputy Sheriffs did not manage the enterprise or a customarily recognized subdivision of the enterprise.

30. Plaintiffs and other Deputy Sheriffs had no ability to hire and fire any employee.

31. Plaintiffs and other Deputy Sheriffs did not have any control of or authority over any employee's rate of pay or working hours.

32. Plaintiffs and other Deputy Sheriffs did not maintain or prepare production reports or sales records for use in supervision or control in the business.

33. Plaintiffs and other Deputy Sheriffs did not have responsibility for planning or controlling budgets.

34. Defendant expected Plaintiffs and other Deputy Sheriffs to follow Defendant's policies regarding their employment.

35. Defendant knew or showed reckless disregard for whether the way it paid Plaintiffs and its other Deputy Sheriffs violated the FLSA and the AMWA.

### V.   REPRESENTATIVE ACTION ALLEGATIONS

#### A.   FLSA § 216(b) Class

36. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

37.     Plaintiffs brings their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

38.     Plaintiffs brings their FLSA claims on behalf of all hourly J Deputy Sheriffs employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.     Payment for all hours worked, including overtime premiums for all hours worked for Defendant in excess of 171 hours in a 28-day work period; and

B.     Liquidated damages and attorneys' fees and costs.

39.     In conformity with the requirements of FLSA Section 16(b), Plaintiffs have attached hereto as Exhibit "A" written Consents to Join this lawsuit.

40.     The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

41.     The members of the proposed FLSA Class are similarly situated in that they share these traits:

A.     They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B.     They were paid hourly;

C.     They recorded their time in the same manner; and

D.     They were subject to Defendant's common policy of denying pay for all hours worked, including proper overtime pay or compensatory time for hours worked over 171 hours in a 28-day period.

42. Plaintiffs are unable to state the exact number of the potential members of the FLSA Class but believe that the class exceeds 45 persons.

43. In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

44. Defendant can readily identify the members of the Section 16(b) class. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

### B. AMWA Rule 23 Class

45. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

46. Plaintiffs propose to represent the class of Deputy Sheriffs who are/were employed by Defendant within the relevant time period within the State of Arkansas.

47. Common questions of law and fact relate to all members of the proposed class, such as whether Defendant paid the members of the proposed class for all hours worked, including overtime in accordance with the AMWA.

48. Common questions of law and fact predominate over any questions affecting only the individual named Plaintiffs, and a class action is superior to other

available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

49.     The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

50.     Plaintiffs are unable to state the exact number of the potential members of the AMWA class but believe that the class exceeds 45 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

51.     At the time of the filing of this Complaint, neither Plaintiffs nor Plaintiffs' counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

52.     Concentrating the litigation in this forum is highly desirable because Defendant is based in the Eastern District of Arkansas and because Plaintiffs and all proposed class members work or worked in Arkansas.

53.     No difficulties are likely to be encountered in the management of this class action.

54. The claims of Plaintiffs are typical of the claims of the proposed class in that Plaintiffs worked as hourly employees for Defendant and experienced the same violations of the AMWA that all other class members suffered.

55. Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

56. Plaintiffs' counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

57. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI. FIRST CAUSE OF ACTION

### (Individual Claims for Violation of the FLSA)

58. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

59. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA.

60. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the FLSA.

61. 29 U.S.C. § 207 requires any public agency to pay employees engaged in law enforcement activities one and one-half (1.5) times their regular wages for all hours worked over over 171 in a 28-day period if such an election has been made.

62. The FLSA allows a public agency to pay compensatory time off in lieu of monetary overtime compensation, but it must be at the rate of not less than one and one-half (1.5) hours for each hour of overtime work.

63. Despite the entitlement of Plaintiffs to lawful compensatory time or overtime payments under the FLSA, Defendant failed to pay Plaintiffs a lawful overtime premium or provide lawful compensatory time.

64. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

65. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

66. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CAUSE OF ACTION

**(Individual Claims for Violation of the AMWA)**

67. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

68. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA.

69. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

70. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half (1.5) times their regular wages for all hours worked over 171 hours in a 28-day period if such an election has been made.

71. The AMWA allows a public agency to pay compensatory time off in lieu of monetary overtime compensation, but it must be at the rate of not less than one and one-half (1.5) hours for each hour of overtime work.

72. Despite the entitlement of Plaintiffs to lawful compensatory time or overtime payments under the AMWA, Defendant failed to pay Plaintiffs a lawful overtime premium or provide lawful compensatory time.

73. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

74. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

75. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the AMWA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CAUSE OF ACTION

### (Collective Action Claim for Violation of the FLSA)

76. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

77. Plaintiffs, individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA.

78. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

79. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

80. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of 171 hours in a 28-day period if such an election has been made.

81. The FLSA allows a public agency to pay compensatory time off in lieu of monetary overtime compensation, but it must be at the rate of not less than one and one-half (1.5) hours for each hour of overtime work.

82. Defendant failed to pay Plaintiffs and those similarly situated lawful overtime payments or lawful compensatory time, despite their entitlement thereto.

83. Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the proposed class is properly defined as follows:

**All Deputy Sheriffs within the past three years.**

84. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

85. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

86. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

### IX.   FOURTH CAUSE OF ACTION

### (Class Action Claim for Violation of the AMWA)

87. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

88. Plaintiffs, each individually and on behalf of the members of the proposed class, assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

89. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiffs and the members of the proposed class within the meaning of the AMWA.

90. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half (1.5) times their regular wages for all hours worked over 171 hours in a 28-day period if such an election has been made.

91. The AMWA allows a public agency to pay compensatory time off in lieu of monetary overtime compensation, but it must be at the rate of not less than one and one-half (1.5) hours for each hour of overtime work.

92. Despite the entitlement of Plaintiffs and members of the proposed class to overtime payments or lawful compensatory time under the AMWA, Defendant failed to pay Plaintiffs and members of the proposed class a lawful overtime premium or lawful compensatory time.

93. Plaintiffs proposes to represent the AMWA liability class of individuals defined as follows:

**All Deputy Sheriffs within the past three years.**

94. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

95. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

96. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and members of the proposed class as provided by the AMWA, Plaintiffs and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Trendia Bailey and John'Niqua Wofford-Libbett, individually and on behalf of all others similarly situated, respectfully prays as follows:

A.   That Defendant be summoned to appear and answer this Complaint;

B.   That Defendant be required to account to Plaintiffs, the collective and class members, and the Court for all of the hours worked by Plaintiffs and the class and collective members and all monies paid to them;

C.   For orders regarding certification of and notice to the proposed class and collective action members;

D.   A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

E.   A declaratory judgment that Defendant's practices alleged herein violate the AMWA and the related regulations;

F.   Judgment for damages for all unpaid overtime compensation owed to Plaintiffs and the proposed class and collective members under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

G.   Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

H.   Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and the proposed class and collective members during the applicable statutory period;

I.  Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

J.  For a reasonable attorneys' fee, costs, and pre-judgment interest; and

K.  Such other and further relief as this Court may deem necessary, just and proper.

>Respectfully submitted,
>
>**TRENDIA BAILEY AND JOHN'NIQUA WOFFORD-LIBBETT, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**
>
>SANFORD LAW FIRM, PLLC
>ONE FINANCIAL CENTER
>650 SOUTH SHACKLEFORD, SUITE 411
>LITTLE ROCK, ARKANSAS 72211
>TELEPHONE: (501) 221-0088
>FACSIMILE: (888) 787-2040
>
>/s/ Stacy Gibson
>Stacy Gibson
>Ark Bar No. 2014171
>stacy@sanfordlawfirm.com
>
>/s/ Josh Sanford
>Josh Sanford
>Ark. Bar No. 2001037
>josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**TRENDIA BAILEY and JOHN'NIQUA**                                    **PLAINTIFFS**
**WOFFORD-LIBBETT, Each Individually and**
**on Behalf of All Others Similarly Situated**

vs.                           No. 5:18-cv-_____

**JEFFERSON COUNTY, ARKANSAS**                                      **DEFENDANT**

### CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a deputy sheriff for Defendant Jefferson County, Arkansas ("Defendant"), within the past three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid overtime compensation. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____
TRENDIA BAILEY

Date: August 20, 2018

*/s/ Josh Sanford*
**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**TRENDIA BAILEY and JOHN'NIQUA**                                    **PLAINTIFFS**
**WOFFORD-LIBBETT, Each Individually and**
**on Behalf of All Others Similarly Situated**

vs.                          No. 5:18-cv-_____

**JEFFERSON COUNTY, ARKANSAS**                                  **DEFENDANT**

**CONSENT TO JOIN COLLECTIVE ACTION**

       I was employed as a deputy sheriff for Defendant Jefferson County, Arkansas ("Defendant"), within the past three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid overtime compensation. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.
       I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____
JOHN'NIQUA
WOFFORD-LIBBETT

Date: August 21, 2018

/s/ Josh Sanford
Josh Sanford, Esq.
SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com