IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TRENDIA BAILEY and JOHN'NIQUA
WOFFORD-LIBBET, Each Individually
and on Behalf of all Others Similarly Situated          PLAINTIFFS

v.                           No. 5:18-cv-222-DPM

JEFFERSON COUNTY, ARKANSAS                    DEFENDANT

## ORDER

After three years of work on this case, the parties settled the
liability issues.  A dispute about attorney's fees and costs remains.
Plaintiffs' counsel seek $31,212.15 in fees and $1,593.51 in costs.
Jefferson County estimates that a third of the settlement amount, or
$6,666.67, is more reasonable.  The Court must determine the number
of hours reasonably expended multiplied by a reasonable hourly rate,
and make any appropriate reductions.  *Hensley v. Eckerhart*, 461 U.S.
424, 433–40 (1983);   *Quigley v. Winter*, 598 F.3d 938, 956–59
(8th Cir. 2010).

The Court agrees with Jefferson County that the life of this case
was artificially long.  *Doc. 75 at 1*.  But Plaintiffs' counsel has
commendably trimmed much fat, accounting for most of the
overstaffing and redundancies.  *Doc. 70-1*.  A little more needs
trimming, though.  Sanford and Gibson were the leads and spent a

reasonable amount of time guiding the case to a favorable resolution. In the market, clients don't pay extra for staff work or over-the-shoulder lawyering. These matters are included in the hourly rates clients do pay. Fees for these kinds of things will therefore not be awarded. This trim includes fees for work by Hoyt and Brown, as well as for some of Kinney's work. Gibson used her law clerk well and sparingly. And that type of delegation can be a benefit to paying clients in most instances. The Court will make a modest reduction in billing rates, which are too high across the board for this kind of work in this District. This reduction is based on this Court's experience with current market rates in all kinds of cases. The Court awards fees for these listed hours and rates:

| Josh Sanford | — 29.85 hours | x $250/hour = | $7,462.50 |
| Stacy Gibson | — 93.40 hours | x $200/hour = | $18,680.00 |
| Law Clerk | — 14.5 hours | x $25/hour = | $362.50 |
| Vanessa Kinney | — 4.7 hours | x $200/hour = | $940.00 |
| | | | $27,445.00 |

The Court also awards a reduced amount in costs. FED. R. CIV. P. 54(d)(1); 28 U.S.C. § 1920. The filing fee and copy costs are recoverable, 28 U.S.C. § 1920(1) & (4), but postage and the private service fee are not. *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006); *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). The Court declines to award the unspecified mileage. $859.55 in costs are recoverable.

The Court appreciates counsel's self-scrutiny and resulting reductions. This is the drill for lawyers who bill clients. And the Court has benefited from the categorization of claimed fees. Counsel ask for specifics on what could be done better. See above. The Court adds one point. Counsel should strive for brevity and proportionality. This fee dispute, for example, did not need a five-page motion, a seventeen-page affidavit, a twenty-six-page brief, and a seven-page reply.

\* \* \*

Plaintiffs' motion for costs and fees, *Doc. 70*, is mostly granted and partly denied. The Court awards a reasonable attorney's fee of $27,445.00 and recoverable costs of $859.55.

So Ordered.

_D.P. Marshall Jr._

D.P. Marshall Jr.
United States District Judge

_18 October 2021_

- 3 -